UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25 PENSION
FUND, et al.,

                                       Plaintiffs,        CIVIL CASE NO. 04-40243

v.

                                                         HONORABLE PAUL V. GADOLA
WATSON WYATT & COMPANY,          U.S. DISTRICT COURT

                                       Defendant.
                                                      /

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S REFUSAL TO ALLOW THE DEPOSITION OF ANTHONY ASHER

On September 7, 2005, Defendant filed a motion to compel the deposition of Anthony Asher [docket entry 14]. The motion was subsequently referred to Magistrate Judge Donald A. Scheer. On November 30, 2005, Magistrate Scheer issued an order denying Defendant's motion to compel the deposition of Mr. Asher after considering the submitted briefs and after hearing oral argument. On December 14, 2005, Defendant filed an objection to the Magistrate's order.

Nondispositive orders, such as Magistrate Judge Scheer's order denying Defendant's motion to compel the deposition of Mr. Asher, are governed by the terms of 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. Section 636(b)(1)(A) states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

Defendant argues that the Magistrate Judge's order is clearly erroneous because it required the Defendant to make an additional showing of cruciality, or need, before taking Mr. Asher's deposition. Because Magistrate Judge should not have determined that Mr. Asher is Plaintiff's trial or litigation counsel, Defendant argues, the cruciality requirement should not apply. The requirement comes from *Shelton v. American Motor Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1987), which established a three-part test to determine whether a court should order the deposition of opposing counsel: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motor Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1987) (citation omitted). The Sixth Circuit adopted the *Shelton* test in *Nationwide Mutual Ins. Co. v. The Home Ins. Co.,* 278 F.3d 621 (6th Cir. 2002).

After reviewing the record, the Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law because it applied the *Shelton* test after finding that Mr. Asher is Plaintiff's trial/litigation counsel. The Court agrees that Mr. Asher is Plaintiff's trial/litigation counsel and that the *Shelton* test must be applied. Further, the Court finds that the Defendant has failed to overcome the *Shelton* requirements. Therefore, the Court overrules Defendant's objections and affirms the Magistrate Judge's order denying Defendant's motion to compel the deposition of Mr. Asher.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket entry 50] to the Magistrate Judge's order are **OVERRULED**.

**SO ORDERED**.

Dated:     May 1, 2006                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 1, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Sharon S. Almonrode; Michael J. Asher; Matthew J. Bredeweg; Euguene Driker; Thomas S. Gigot; Jenice C. Mitchell; Morley Witus; Sharon M. Woods         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                             .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845

3