UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25 PENSION
FUND, et al.,

         Plaintiffs,  CIVIL CASE NO. 04-40243

v.

WATSON WYATT & COMPANY,    HONORABLE PAUL V. GADOLA
                U.S. DISTRICT COURT

         Defendant.
_____/

## ORDER

Now before the Court are Defendant's November 22, 2006 objections to a non-dispositive order of a Magistrate Judge. These objections relate to Magistrate Judge Donald A. Scheer's November 8, 2006 order that denied Defendant's motion requesting an order to compel the deposition of certain individuals or, if depositions were not compelled, an order barring the potential witnesses from testifying at trial.

Non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to

>which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

At the hearing on the present matter, Magistrate Judge Scheer heard the positions and arguments of both parties. After carefully considering the matter, Magistrate Judge Scheer found that because Plaintiffs have not listed the individuals in question as witnesses for trial and have represented to the Court that they do not anticipate calling these individuals as witnesses at trial, an order compelling their deposition or barring them from testifying was premature at this juncture of the proceedings. Tr., Hrng on Mot., p. 12 (Nov. 7, 2006).

This Court, after reviewing Defendant's objections, in addition to all the available evidence, finds that Magistrate Judge Scheer's ruling was not clearly erroneous. Plaintiff's motion was premature at this point in the proceedings. Furthermore, sufficient remedies exist should either party attempt to modify their witness list at a time when the opposing party will be significantly prejudiced by the late addition. *See generally, United States. v. Sixty Thousand Dollars ($60,000.00) in U.S. Currency*, 763 F.Supp. 909, 914 (E.D.Mich. 1991) (Gadola, J.).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket entry 122] to Magistrate Judge Donald A. Scheer's November 8, 2006 order are **OVERRULED**.

**SO ORDERED.**

Dated:   December 7, 2006                              s/Paul V. Gadola
                                                                      HONORABLE PAUL V. GADOLA
                                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 7, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Sharon S. Almonrode; Michael J. Asher; Matthew J. Bredeweg; Eugene Driker; Thomas S. Gigot; Jenice C. Mitchell; Morley Witus; Sharon M. Woods           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                                                                      s/Ruth A. Brissaud
                                                                      Ruth A. Brissaud, Case Manager
                                                                      (810) 341-7845