# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25 PENSION
FUND; EDWARDS, JIM; ELLUL, ART; GLEASON,
PATRICK; HAMRIC, JAMES; ROGERS, J.
MICHAEL; and WALKER, JAMES,

Case No. 04cv40243

HON. PAUL V. GADOLA

Magistrate: Donald A. Scheer

       Plaintiffs,

   -vs-

WATSON WYATT & COMPANY,

       Defendant.

_____/

**Sharon Almonrode (P33938)**
**Michael J. Asher (P-39347)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiff
1000 Maccabees Center
25800 Northwestern Highway
P. O. Box 222
Southfield, MI  48037-0222
(248) 746-0700/Fax: 746-2760

**Morley Witus (P30895)**
**Eugene Driker (P12959)**
**Sharon M. Woods (22542)**
Barris, Scott, Denn & Driker
Attorneys for Watson Wyatt
211 West Fort Street, Fifteenth Floor
Detroit MI 48226-3281
313-965-9725/Fax: 2493 and 5398

Thomas S. Gigot
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington DC 20006-5805
202-861-6624

_____/

_____

**PLAINTIFFS' EMERGENCY MOTION FOR AN IMMEDIATE HEARING [PRE-TRIAL
SCHEDULED 3-26-2007]; AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR AN
IMMEDIATE HEARING; AND MOTION TO ENFORCE SETTLEMENT
AGREEMENT**

**CERTIFICATE OF SERVICE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................ii

**PLAINTIFFS' EMERGENCY MOTION FOR AN IMMEDIATE HEARING; AND**

**MOTION TO ENFORCE SETTLEMENT AGREEMENT** ......................................... 1

**PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR AN**

**IMMEDIATE HEARING; AND MOTION TO ENFORCE SETTLEMENT**

**AGREEMENT** ........................................................................................................... 1

   I.     **FACTUAL SYNOPSIS**.......................................................................... 1
   II.    **AUTHORITY** ...................................................................................... 3
   III     **ANALYSIS** ......................................................................................... 3
   IV.    **CONCLUSION** ................................................................................... 4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bowater North American Corp v Murray Machinery, Inc.*, 773 2d 71, 76-77 (6th Cir 1985) ........ 3

*Brock v Scheuner Corp.*, 841 F 2nd 151, 154 (6th Cir 1988) ........................................................... 3

*Kukla v National Distillers,* 483 F 2d 619, 621 (6th Cir 1973) ........................................................ 3

*Remax International, Inc. v Realty One, Inc.*, 271 F 3d 633, 646 (6th Cir 2001)............................ 3

*Roaro Corp. v Allied Witan Co.*, 531 F 2d 1368, 1372 (6th Cir 1976)............................................ 3

## <u>PLAINTIFFS' EMERGENCY MOTION FOR AN IMMEDIATE HEARING; AND</u>
## <u>MOTION TO ENFORCE SETTLEMENT AGREEMENT</u>

NOW COME Plaintiffs, by their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Motion to Enforce Settlement and Hold an Expedited Hearing, state as follows:

1.      The parties reached settlement in this matter on January 18, 2007, yet, almost nine weeks later a signed settlement agreement has not been completed due to Defendant's undue delay. **Exhibit A [Plaintiffs' January 19, 2007 correspondence to Defendant[1]]; Exhibit B [Email from Defendant counsel Morley Witus dated January 19, 2007.][2]**

2.      This delay has caused Plaintiffs serious harm because they have relied on the settlement in the face of a pending April 2 trial date, a March 19 pre-trial order due date and a March 26, 2007 pre-trial date. Also, in reliance on this settlement, Plaintiffs have postponed the discovery of Defendant's employees and experts; the hearing of a Motion to Quash Subpoenas; and the completion of other essential discovery in preparation for the April 2, 2007 trial date.

3.      The parties have been in contact with Magistrate Scheer via his clerk Michael Lang and advised him of the status of the settlement due to the fact that Magistrate Scheer has before him Defendant's pending Motion for Partial Summary Disposition (which has been briefed and argued) and Plaintiffs' pending Motion to Quash (which has been briefed but not argued.) The parties have jointly asked Magistrate Scheer to hold these pending motions during the completion of the settlement documents.  **Exhibit C [Letters to Michael Lang January 19, 29, February 14, March 7 and March 20].**

4.      The Plaintiff Fund is suffering irreparable harm by Defendant's undue delay in completing the settlement agreement.

---

[1] The settlement amount is redacted from Exhibit A.
[2] The settlement amount is redacted from Exhibit B.

1

5.      Without the intervention of this Court, Plaintiffs are concerned that Defendant will continue to delay the completion of the settlement agreement while critical time elapses.

6.      Accordingly, Plaintiffs request that this Court hold an immediate hearing on this matter or alternatively compel the parties attendance at the March 26, 2007, pre-trial conference for the purposes of hearing this motion.

7.      In this matter, Plaintiffs have alleged that Defendant's negligence and fraud led to the devastation of Plaintiffs' pension plan.

8.      This matter has been intensively litigated since its filing date of July 6, 2004.

9.      On October 3, 2006, the parties began a mediation process in an attempt to reach a settlement agreement while the matter was still being litigated.

10.      These mediation negotiations took place in both New York City and Detroit, as well as phone conferences by and between the parties and the mediator beginning on October 3, 2006 and ending within an agreed upon settlement on January 18, 2007.

11.      That on January 18, 2007, both defense counsel and the mediator indicated that a settlement had been reached for a lump sum payment to be wire transferred to defense counsel within 90 days.

12.      This agreement was reached after Defendant requested that the deposition of a key witness, Stanley Goldfarb, the head of Watson Wyatt's multi-employer actuarial practice section, not proceed the following day, January 19, 2007.

13.      In fact, the settlement was reached on the eve of Mr. Goldfarb's deposition.

14.      In fact, before making the unconditional offer for settlement, Defendant made the conditional offer that the settlement number would remain the number until "Monday" and that "nothing in the Goldfarb deposition" would alter the offered number. Plaintiffs rejected this

condition and indicated that Mr. Goldfarb's deposition would proceed. Later in the evening on January 18, 2007, both defense counsel and the mediator communicated the settlement figure and 90-day scheduled payment without condition.

15.     Plaintiffs have moved swiftly to memorialize this settlement in a written document, yet, Defendant has failed to execute the agreement.

16.     There were two principal items which Defendant contended, at one time or another, were material to this issue which allegedly prevented finalization: (1) a confidentiality clause, requiring, among other things, non-disclosure of the settlement and destruction of videotapes and transcripts of depositions of Defendant's employees and documents in Plaintiffs' file; and (2) supposed "written confirmation" from the multiple insurance carriers in this matter.

17.     While confidentiality was never part of the negotiated settlement, this issue has been resolved and, thus, the body of the settlement document has been finalized and is no longer an issue.

18.     Written confirmation from the insurers was not part of the settlement. In any event, Defendant has conceded that it has received verbal confirmation of the settlement from each of the insurance companies.

19.     Defendant most recently issued a demand that Plaintiffs provide <u>a legal opinion to Defendant</u> regarding the scope and nature of the Settlement Agreement.

20.     After over eight weeks of attempting to finalize this matter, Defendant demanded that Plaintiffs provide a legal opinion as to the enforceability of the Settlement Agreement against the thousands of participants and beneficiaries. Simply, this was not part of the negotiated settlement, was indisputably raised only in the past week and demonstrates Defendant's deliberate refusal to follow through on the Settlement Agreement and execute the Agreement.

21.     Plaintiffs and Defendant have agreed to the terms of the settlement

agreement.  **Exhibit  D [Confidential Settlement Agreement and Release]**[3]

22.     Plaintiffs request an order enforcing the settlement agreement as follows:

> Defendant shall forthwith execute the settlement agreement and Defendant wire transfer to the offices of Plaintiffs' counsel the principal sum agreed upon by the parties on or before Friday, April 20, 2007 and that on Monday, April 23, 2007, the Plaintiffs will prepare and file an Order of Dismissal with prejudice and without costs to either party.

23.     In the alternative, if this Court deems that any material fact is in dispute, then an expedited evidentiary hearing be set.

24.     Plaintiffs sought Defendant's concurrence pursuant to Local Rule 7.1.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court to enter an Order enforcing the settlement of this matter as set forth above or, in the alternative, to hold an expedited hearing to determine the enforceability of the settlement agreement.

Respectfully Submitted,

s/Sharon S. Almonrode
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037-0222
Phone: 248-746-0700
Primary E-mail: salmonrode@swappc.com
P33938

---

[3] Plaintiffs note the actual document is not submitted with this Motion but will be provided to the Court at the time of hearing.  A copy of Exhibit D was furnished to Defense counsel.

<u>**PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR AN**</u>
<u>**IMMEDIATE HEARING; AND MOTION TO ENFORCE SETTLEMENT**</u>
<u>**AGREEMENT**</u>

**I.     FACTUAL SYNOPSIS**

The Iron Workers Local 25 Pension Fund provides retirement benefits to over 6,000 active and retired iron workers, their spouses and beneficiaries across the State of Michigan. As required by any defined benefit pension plan, the Plaintiffs retained the services of an actuary, Watson Wyatt, a world-renowned consulting firm. It was Watson Wyatt's responsibility to analyze the plan, advise the Trustees as to its financial condition and the steps needed to insure its ability to provide meaningful retirement benefits. Unfortunately, on September 20, 2002, after serving as the actuary for over 20 years, Defendant walked into a meeting, with no forewarning, and advised the Trustees that their plan faced devastating shortfalls. After obtaining a second opinion that the plan was even in worse shape than Defendant finally represented, the Trustees pursued the instant matter beginning with the filing of the Complaint on July 6, 2004.

This matter has been intensively litigated. Nevertheless, in the summer of 2006, the parties began to explore resolution while continuing to litigate. A mediator was hired with whom the parties first met on October 3, 2006, in New York City. Mediation meetings in Detroit occurred on December 19, 2006, and on January 8, 2007, in addition to intervening calls and correspondence.

Following the January 8, 2007 mediation meeting, the mediator called with the principal sum eventually agreed upon but with various conditions attached. For instance, at one point, the principal sum was offered on the condition that one of the multiple insurers be allowed to pursue other entities on a subrogation basis; on another instance, the principal sum was offered on the condition that discovery continue but that it not affect the settlement number offered. Finally, on

1

January 18, 2007, defense counsel and the mediator offered the settlement with none of these contingencies mentioned previously; Plaintiffs accepted. **Exhibits A, B**

Since that time, Plaintiffs have made persistent efforts, yet, Defendant has failed and refused to sign the Settlement Agreement. First, Defendant insisted on an onerous confidentiality clause which included destruction of transcripts and videotapes of depositions of Defendant's employees and documents as well as the restriction of the ability of the Trustees to pursue their fiduciary responsibilities in responding to pertinent inquiries. Although that issue was not part of the negotiated settlement, it has been resolved. Thus, the body of the settlement document has been finalized and is no longer an issue. **Exhibit D**

Defendant also alleges that multiple different insurance companies in this matter have not provided signatures on an alleged agreement between Defendant and the insurers for the insurers to pay the agreed upon sum. This matter was clearly not part of the negotiated settlement. Defendant acknowledged that the insurance carriers have agreed to the settlement. Yet, Defendant claims it cannot enter into the final agreement without written agreements from each of the nine carriers. We are over eight weeks into this settlement and yet, Defendant is still waiting for two confirmations from insurance carriers.

Only last week, Defendant demanded that Plaintiffs provide a legal opinion as to the enforceability of the Settlement Agreement against the thousands of participants and beneficiaries. This request comes after eight weeks of attempting to finalize this agreement; months of settlement negotiations between "the Fund" and the Defendant between October 3 to January 18; and over two years of litigation between "the Fund" and the Defendant. This was not part of the negotiated settlement and it was indisputably raised only in the past week and

2

demonstrates Defendant's deliberate refusal to follow through on its settlement agreement and to execute the Confidential Settlement Agreement and Release.

The immaterial and non-negotiated aspects of these discussions can no longer forestall this matter. It should also be noted that in the interim, Plaintiffs in reliance on this settlement have postponed the discovery of defendant's employees and experts; the hearing of a Motion to Quash Subpoenas; and the completion of discovery in preparation for the April 2, 2007 trial. The parties did not file their March 19, 2007 Pre-Trial Statement and valuable time has elapsed due to Defendant's undue delay.

## II.     AUTHORITY

**Courts have the inherent authority and power to enforce settlements, even when the settlements have not been reduced to writing.** *Bowater North American Corp v Murray Machinery, Inc.*, 773 F 2d 71, 76-77 (6th Cir 1985). Emphasis added

Evidentiary hearings are required only where facts material to an agreement are in dispute; no hearing is required where the agreement is unambiguous and there are no facts in dispute. See *Brock v Scheuner Corp.*, 841 F 2nd 151, 154 (6th Cir 1988), *Roaro Corp. v Allied Witan Co.*, 531 F 2d 1368, 1372 (6th Cir 1976).When parties have agreed on the essential terms of settlement, and all that remains is for the agreement to be memorialized, the parties are bound to the terms of the oral agreement. *Remax International, Inc. v Realty One, Inc.*, 271 F 3d 633, 646 (6th Cir 2001), *Kukla v National Distillers,* 483 F 2d 619, 621 (6th Cir 1973), and *Supra, Brock*, 841 F2d @ 154.

## III     ANALYSIS

A settlement agreement in this matter has been reached. [See attached Exhibit A, January 19, 2007 correspondence from Sharon Almonrode directed to Morley Witus; correspondence

confirming adjournment of Goldfarb's deposition **Exhibit E**[4]; correspondence from defense counsel agreeing to place pending motions on hold and confirming acceptance of settlement from Plaintiffs' counsel; **Exhibit B**].

The conditions of which Defendant has complained were either not part of the negotiated agreement and/or are immaterial to the essential facts of the settlement.

Plaintiffs request this Honorable Court to enforce this settlement agreement as a matter of law inasmuch as the parties have agreed on the material terms of the settlement. In the alternative, in the event the court believes Defendant, in its response, has raised a material disputed fact, then Plaintiffs request an immediate evidentiary hearing at which time it may produce those records and witnesses who can establish the material facts of this settlement, including but not limited to principals of the Plaintiffs, the undersigned, defense counsel, and Defendant's principals and several insurers involved in this matter.

## IV.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court hear this Motion on an Expedited basis, and enter an Order enforcing the settlement of this matter as set forth above or, in the alternative, hold an expedited hearing to determine the enforceability of the settlement agreement.

Respectfully Submitted,

s/Sharon S. Almonrode_____
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037-0222
Phone: 248-746-0700
Primary E-mail: salmonrode@swappc.com
P33938

---

[4] The settlement amount is redacted from Exhibit E

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 20, 2007,** I electronically filed the foregoing paper with the Clerk

of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Sharon S. Almonrode
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037-0222
Phone: 248-746-0700
Primary E-mail: salmonrode@swappc.com
P33938

W0510683.5