UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25
PENSION FUND, et al.,

    Plaintiffs,

v.

WATSON WYATT & COMPANY,

    Defendant.
_____/

CIVIL ACTION NO. 04-40243

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER GRANTING IN PART MOTION TO SUBSTITUTE FORMER TRUSTEE ART ELLUL WITH CURRENT TRUSTEE GEORGE YOUNG**

This matter is before the magistrate judge on a Motion to Substitute Former Trustee Art Ellul with Current Trustee George Young. The Motion was filed January 14, 2008. A Trustee's Brief in Opposition to George Young's Motion for Substitution was filed on January 31, 2008. Movant's Reply Brief was filed on February 14, 2008. Upon review of the parties written submissions, I conclude that the Motion should be granted in part.

This action was filed on July 6, 2004 by the Trustees of Iron Workers Local No. 25 Pension Fund ("Fund") against Defendant Watson Wyatt & Company ("Watson Wyatt"), a Delaware Corporation, which had served as employee benefits and actuarial consultant to the Fund for approximately twenty years. The original Plaintiffs asserted various theories of recovery, including negligence, willful and wanton misconduct, professional negligence and malpractice, breach of contract, negligence supervision, negligent and fraudulent misrepresentation, silent fraud and fraudulent concealment in connection with Defendant's professional services. Sullivan, Ward, Asher and Patton, P.C. ("Sullivan Ward") served as counsel to the Fund and its Trustees for many years prior to the filing of this action.

Sullivan Ward acted as litigation counsel in this case from its outset to and including a negotiated settlement with Watson Wyatt in March, 2007. Initially, its legal fees were paid by the Fund on an hourly basis. During the pendency of this case, however, the Trustees agreed to convert the fee arrangement to a one-third contingency fee. On July 1, 2006, George Young succeeded Art Ellul as a Trustee for the Fund. The instant motion asserts that his efforts to secure information relating to the contingent fee agreement with Sullivan Ward were unsuccessful, due to efforts by Sullivan Ward and the remaining Trustees to frustrate his inquiries. In March 2007, upon learning that Sullivan Ward sought an attorney fee equal to one-third of the Watson Wyatt settlement amount, Young filed a Motion to Reinstate this Action and to Intervene as a Party.[1] Young, Harvey Weglarz and William Chakur have also filed a separate action against the original Trustee Plaintiffs in this case as well as the Sullivan Ward firm and two of its individual members, Anthony Asher and Michael J. Asher. That action, No. 07-12368 remains in litigation, and I have recommended to the court that the two cases be consolidated.

In addition to his pending Motion to Intervene in this action, Plaintiff filed the instant Motion for Substitution of himself in place of Ellul pursuant to Fed.R.Civ.P. 25(c).

Fed.R.Civ.P. 25(c) provides as follows:

> **Rule 25. Substitution of Parties.**
>
> \* \* \*
>
> **(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or

---

[1] Young was joined in that Motion by Harvey Weglarz, a member of Iron Workers Local 25 and a participant in the Fund, and William Chakur, a retired participant in the Fund.

> against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

> \*        \*        \*

Fed.R.Civ.P. 25(c). The Rule is merely a procedural device designed to facilitate the conduct of a case, and does not affect the substantive rights of the parties or the transferee. 6 Moore's Federal Practice, §25.32 (Matthew Bender 3rd Ed.). The court has discretion under the Rule to allow substitution or joinder. Joinder merely represents a discretionary determination that a party's presence in the case would facilitate the conduct of the litigation. Id., §25.34[1] (citing Television Reception Corp. v. Dunbar, 426 F.2d 174, 178 (6th Cir. 1970)).

There is no time limit on the filing of a motion under Fed.R.Civ.P. 25(c). 6 Moore's Federal Practice, §25.35[1] (Matthew Bender 3rd Ed.). Substitution or joinder may be appropriate even after a final judgment has been rendered. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 153-54 (6th Cir.), cert. denied, 506 U.S. 867 (1992).

Young's Motion asserts that, as Trustee for the Fund, he opposes the contingent attorney fee arrangement with Sullivan Ward. This court has already determined that its own review of the attorney fee contract is appropriate. Young succeeded to the position of original Plaintiff Ellul during the pendency of this litigation. Accordingly, he has an interest in this court's determination of any issue in the case. Ellul, although no longer a Trustee, was a proper party plaintiff at the outset of the case, and his actions as Trustee are subject to the court's scrutiny. Accordingly, I conclude that he retains a significant interest in the outcome of this case as well. For that reason, I find that outright substitution of Young for Ellul is inappropriate. Rather, I conclude that the input of both the current and

former Trustees with respect to the subject matter of this action will facilitate the proper resolution of remaining issues.

IT IS THEREFORE ORDERED that the Motion to Substitute Former Trustee Art Ellul with Current Trustee George Young is granted in part, such that movant Young shall be joined as a party Plaintiff in this action.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: April 30, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2008. **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217