UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25
PENSION FUND, et al.,

        Plaintiffs,

v.

WATSON WYATT & COMPANY,

        Defendant.
_____/

CIVIL ACTION NO. 04-40243

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER ON AMENDED MOTION TO REINSTATE CASE, GRANT INTERVENOR STATUS TO APPLICANTS GEORGE HENRY YOUNG, WILLIAM CHAKUR, AND HARVEY WEGLARZ, SCHEDULE PRE-HEARING CONFERENCE AND ENTER TEMPORARY RESTRAINING ORDER

This motion is before the court pursuant to an Order of Reference entered on September 24, 2007. Following a status conference on November 20, 2007, the undersigned magistrate judge entered an Order setting the Motion to Reinstate Case, and to Grant Intervenor Status to Applicants Young, Chakur and Weglarz, for hearing on December 10, 2007. The hearing was cancelled by Order of the court. In light of matters addressed in my Report and Recommendation of this date in Case No. 07-12368, and in an Order Granting in Part Motion to Substitute Former Trustee Art Ellul With Current Trustee George Young, I find that a hearing of the instant motion is unnecessary.

Movants seek the reinstatement of the within case, as well as a grant of intervenor status. Their motion also sought a temporary restraining order withholding access to the funds claimed by Sullivan, Ward, Asher and Patton as attorney fees in this action until the court determines the attorney fee award. On April 30, 2007, the district judge entered an Amended Stipulated Order securing the disputed funds until further order of the court, and

retaining jurisdiction to decide all issues relating to the propriety of the Sullivan Ward contingent fee agreement. Accordingly, I conclude that the instant motion is moot with respect to the issues of reinstatement and the request for temporary restraining order. The sole issue remaining unresolved is the matter of intervention.

Fed.R.Civ.P. 24(a) provides that, on timely motion, the court must permit anyone to intervene who: (a) claims an interest relating to the property or transaction that is the subject of the action; and (b) is so situated that disposing of the action may as a practical matter impair or impede the movants' ability to protect its interests, unless (c) existing parties adequately represent that interest.

I am satisfied that all of the movants claim an interest in the property which is the subject of the action in which they seek to intervene. George Henry Young is a current Trustee of the Iron Workers Local No. 25 Pension Fund ("Pension Fund"), and Harvey Weglarz and William Chakur are beneficiaries of the Fund. Accordingly, each movant has a legitimate interest in the avoidance of excessive charges against the Fund for legal services rendered to it.

On this date, I have entered an Order granting, in part, a Motion to Substitute Former Trustee Art Ellul With Current Trustee George Young. While the Order provides that Art Ellul will continue as a party, it joins George Henry Young as a party to this action. In view of that relief, I find that Young is not so situated that the denial of the within motion as to him will impede his ability to protect his interests. As to Young, the instant motion is moot.

These movants have filed a separate civil action, Case No. 07-12368, in which they have asserted their claims with respect to the contingent attorney fee agreement between

2

the Pension Fund and its attorneys. In a Report of this date, I have recommended that their Motion for Consolidation of the two cases be granted. Should the court accept the Report and Recommendation, all of these movants will be in a position to protect their interests in the subject matter of this action.

Because George Henry Young, a current trustee of the Pension Fund, has been joined as a party by separate Order, this motion must be denied as moot with respect to him. Because George Henry Young serves as a trustee of the Pension Fund, and his interests, as declared in Case No. 07-12368, coincide precisely with those of Weglarz and Chakur, I find that the interests of Weglarz and Chakur are adequately represented in this action by George Henry Young. I further find that Weglarz and Chakur, as parties Plaintiff in Case No. 07-12368, will be in a position to protect their own interests by reason of the consolidation of their separate case with this action. Accordingly, I conclude that the standard for intervention of right under Fed.R.Civ.P. 24(a) is not met.

IT IS THEREFORE ORDERED that the Amended Motion to Grant Intervenor Status to Applicants George Henry Young, William Chakur and Harvey Weglarz is denied.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 30, 2008
_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2008. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217