UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL NO. 25
PENSION FUND, et al.,

    Plaintiffs,

v.

WATSON WYATT & COMPANY,

    Defendant.

CIVIL ACTION NO. 04-40243

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE DONALD A. SCHEER

and

GEORGE HENRY YOUNG, et al.,

    Plaintiffs,

v.

JAMES HAMRIC, et al.,

    Defendants.

CIVIL ACTION NO. 07-12368

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Plaintiff Young's Motion for Protective Order Requesting Sequestration of Witnesses was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on April 2, 2009. Having reviewed the Motion, as well as the Response and Reply Briefs, and having heard the arguments of counsel, I find that the Motion should be DENIED.

Plaintiffs Young, Weglarz and Chakur have filed suit against Defendants Hamric, Edwards, Gleason, Gulick, Walker, Ellul and Rogers (hereinafter "Trustee Defendants") for actions taken by them in the capacity of Trustees of the Iron Workers Local 25 Pension

Fund. Plaintiffs have also sued the law firm of Sullivan, Ward, Asher and Patton, P.C. and two individual members of the firm (hereinafter "Sullivan Ward") who rendered legal services in connection with a lawsuit instituted by the Defendants, on behalf of the fund, against Watson Wyatt and Company. The instant suit seeks to prevent the payment of a contingent attorney fee under an agreement between the Trustee Defendants and Sullivan Ward. The essential allegation of the case is that the Defendants violated their obligations to act in the best interests of the fund when they entered into the contingent fee agreement. The parties are currently in the process of conducting discovery.

By the instant Motion, Young seeks a protective order precluding deposition witnesses, including named parties, from attending one another's depositions. Movant cites ample authority for the proposition that the authority to sequester witnesses from depositions for good cause includes even party witnesses. Due to the heightened interests of parties in the proceedings, however, a movant must make a specific showing of good cause before the exclusion of a party may be ordered. That showing must be based upon facts that are more than "ordinary garden variety or boiler plate 'good cause' facts which will exist in most civil litigation." <u>BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc.</u>, 112 F.R.D. 154, 160 (N.D. Ala. 1986). In support of his Motion, Young asserts that the Sullivan Ward Defendants have "engaged in a concerted effort to orchestrate the defense of this case." They allege that Sullivan Ward attorneys: (a) attempted to intimidate board members who questioned or opposed a contingency fee agreement; (b) edited board minutes to omit any reference to such objections; (c) falsely represented to the court that the Board of Trustees unanimously approved the contingency fee agreement; and (d) drafted nearly identical affidavits to be signed by various trustees in support of Sullivan

Ward's contingent attorney fee request.  In reliance upon those factual assertions, Plaintiffs argue that the presence of Sullivan Ward attorneys and Trustee Defendants at each deposition "serves no purpose but to intimidate and/or influence the testimony of each deponent."  (List of Unresolved Issues, Page 3).

In response, the Sullivan Ward Defendants observe that two years have passed since the most recent alleged act of Sullivan Ward attorneys to influence or coerce.  They point out that the case had been pending for more than one year before the filing of the instant motion, and that each of the Trustee Defendants has been represented by independent counsel, and not by Sullivan Ward, in this case.  They argue that there is no evidence that Sullivan Ward's interests were ever adverse to the funds.  They maintain that meeting minutes are always edited; that fund counsel had no duty to counsel the Trustees to seek outside attorneys to review the proposed contingency fee; that Plaintiff Young (and non-party, former Trustee Carrigan) placed the settlement of the Watson Wyatt litigation at risk; and that no Sullivan Ward Defendant threatened or sought to intimidate anyone. They maintain that every party to a lawsuit has the presumptive right to participate in depositions, absent a showing of extraordinary circumstances warranting exclusion.

The Trustee Defendants also assert a fundamental right to participate in the depositions. They maintain that it is not unusual for attorneys to draft similar affidavits for multiple clients where the circumstances of the case result in a common experience.  The Trustee Defendants join Sullivan Ward in arguing that no extraordinary circumstance has been shown in this case to warrant their exclusion from full participation in their defense. The Trustees note that they are represented by independent counsel, and that the prospect of intimidation by Sullivan Ward is remote.

3

On balance, I find that Defendants have the stronger position.  Each Defendant is entitled to participate fully in the preparation and presentation of a defense.  Every deponent has a legal obligation to testify truthfully, and each party witness has an attorney to assist in meeting that obligation.  I am satisfied that the remoteness in time of the alleged acts of intimidation, together with the participation of attorneys uninvolved in the events giving rise to this lawsuit, renders any overt effort at intimidation unlikely. Having considered the assertions advanced in support of Young's Motion, I find that protective measures short of exclusion would adequately address Plaintiffs' concerns.

IT IS THEREFORE ORDERED that Plaintiff Young's Motion for Protective Order Requesting Sequestration of Witnesses is DENIED.  It is further ordered that, prior to the completion of discovery, the parties to this action shall communicate with other parties and known, non-party witnesses regarding the subject matter of this lawsuit solely through their counsel of record.  It is further ordered that each deposition witness shall be seated in such a way that only the examining attorney, the client of the examining attorney, and counsel for the witness, if any, shall be in the deponent's field of view during questioning.

                                  s/Donald A. Scheer
                                  DONALD A. SCHEER
                                  UNITED STATES MAGISTRATE JUDGE

DATED: April 7, 2009

_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 7, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 7, 2009: **None.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217