UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: IRON WORKERS
LOCAL 25 PENSION FUND

Case No. 04-40243 consolidated with
Case No. 07-12368

District Judge Steven J. Murphy, III
Magistrate Judge R. Steven Whalen

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Anthony Asher, Michael J. Asher, and Sullivan, Ward, Asher and Patton, P.C's *Motion for Attorney Fees,* [Case no. 04-40243, **Docket #455**, Case no. 07-12368 **Docket #310**], filed January 13, 2012, and Trustee Defendants' *Motion for Attorney Fees and Costs Pursuant to Fed. R. Civ. P. 54, 29 U.S.C. § 1132(g), and 28 U.S.C. § 1927* [Case no. 04-40243 **Docket #456**, Case no. 07-12368 **Docket #311**], filed January 13, 2012, which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be DENIED.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On March 26, 2007, the Honorable Paul V. Gadola dismissed without prejudice the original action brought by Iron Workers Local No. 25 Pension Fund ("Fund") and its trustees after the defendant, Watson Wyatt and Company, agreed to the payment of a $110,000,000 to the Fund in exchange for the dismissal of all claims. *Docket #137, 142-143.*[1] On April

---

[1] The docket numbers cited here refer to the docket notations in the original case, Case. no. 04-40243 unless otherwise indicated.

-1-

16, 2007, George Henry Young and Harvey Weglarz, plan participants, and William Chakur, a retiree, filed a motion to intervene on behalf of the Fund. *Docket #138*. These three individuals, later Plaintiffs in the consolidated case, did not oppose the settlement of $110,000,000 but challenged the contingent fee of approximately $36,000,000 to the Fund's counsel, Sullivan, Ward, Asher, & Patton, P.C. ("Sullivan Ward") on the bases of excessiveness and an apparent conflict of interest by Sullivan Ward. *Docket #138*.

On April 18, 2007, a hearing was held on the motion to intervene. *Docket #148*. Current Defendant, Michael Asher, representing Sullivan Ward, argued that the proposed intervenors did not have standing to intervene in the recently dismissed case. *Id.* at pg. 29-32. Asher did not retreat from his position that the proposed intervenors were unable to intervene in the case, but conceded that "[t]here can be a separate action filed." *Id.* at 32. On April 20, 2007, the Court dismissed the case with prejudice, ordering that the proposed contingency fee of $35,983,459.71 be transferred to a separate account pending a ruling on the motion to intervene. *Docket #142.* On April 20, 2007 Young, Weglarz, and Chakur filed a motion to reopen the case on the same bases set forth in their motion to intervene. *Docket #145.* On June 1, 2007, Young, Weglarz, and Chakur ("Plaintiffs") filed a suit in this Court against Sullivan Ward, attorneys Anthony Asher and Michael Asher ("Sullivan Ward Defendants"), and the Fund trustees at the time of the underlying lawsuit: James Hamric, James Edwards, Patrick Gleason, Steven Gulick, D. James Walker, Art Ellul, and J. Michael Rogers. Case no. 07-12368, *Docket #1*. In August, 2007, both Sullivan Ward Defendants and the Trustee Defendants filed motions to dismiss. No. 07-12368, *Docket #6, 8.* Plaintiffs' December 5, 2007 motion to consolidate the 2004 and 2007 cases was opposed by the Sullivan Ward Defendants. Case no. 07-12368*, Docket #32, 34.* On April 30, 2008, Magistrate Judge Donald A. Scheer recommended the denial of the motions to dismiss and

the grant of Plaintiffs' motion to consolidate the cases, which was adopted by the District Court on June 4, 2008. Case no. 07-12368, *Docket #42-43*.

On March 31, 2011, the Honorable Stephen J. Murphy, III denied parties' cross motions for summary judgment and a total of ten motions to strike submitted by the Sullivan Ward and/or Trustee Defendants, or Plaintiffs. Sullivan Ward Defendants' motion to strike Plaintiffs' jury demand was granted. *Docket #430*. On August 30, 2011, following the conclusion of a bench trial, the District Court entered judgment in favor of the Trustee and Sullivan Ward Defendants. *Docket #447*.

The Sullivan Ward Defendants filed their present motion on January 13, 2012. *Docket #455*. They argue that they are entitled to attorneys' fee sanctions under 28 U.S.C. § 1927 and under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1). Relying on the same statutes, the Trustee-Defendants' filed a motion for attorneys' fees and costs on January 13, 2012. *Docket #456*.

## II. APPLICABLE LAW

Under 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The party seeking a recover of fees is required only show only "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.* ––– U.S. ––––, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010). Once the party has demonstrated some success on the merits, the court may consider "five factors"in deciding whether fees and costs are appropriate. *Hardt,* at n. 1,8. The five factors to be considered are stated as follows:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and

-3-

>beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Secretary of Dept. of Labor v. King,* 775 F.2d 666, 669-670 (6th Cir. 1985). "The *King* factors are not statutory" but instead, "represent a flexible approach." *Foltice v. Guardsman Products, Inc.,* 98 F.3d 933, 937 (6th Cir. 1996). None of the five factors is dispositive. *Id.* "'[O]ur circuit recognizes no presumption as to whether attorney's fees will be awarded' to the prevailing party in an ERISA action." *Warner v. DSM Pharma Chemicals North America, Inc.,* 452 Fed.Appx. 677, 681, 2011 WL 6796436, *4 (6th Cir. December 27, 2011) (*citing Foltice,* at 936).

"Under 28 U.S.C. § 1927, an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Hall v. Liberty Life Assur. Co. Of Boston,* 595 F.3d 270, 275 (6th Cir. 2010)(*citing* § 1927). "A court may sanction an attorney under § 1927 for unreasonably and vexatiously multiplying the proceedings even in the absence of any 'conscious impropriety.'" *Id.* (citing *Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389, 396 (6th Cir.2009)). "The proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Hall,* at 275-276 (citing *Rentz,* at 396). "[U]nlike sanctions imposed under a court's inherent authority, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir.2006)).

**A. Sullivan Ward's Motion for Fees  [Docket #455]**

**1. Sanctions Under 28 U.S.C. § 1927**

Pursuant to § 1927, Sullivan Ward Defendants argue that they are entitled to fees, expenses and costs from opposing attorneys for the entire five-year litigation of the second case, requesting varying amounts from opposing attorneys depending on the length of their involvement in the case:

> John A. Streby, attorney for all three Plaintiffs: $2,605,451.71
> Dennis M. Goebel, same, $2,509,020.46
> Bishop A.L.E. Bartoni, same, $2,473,925.46
> Barry B. Sutton and Milton S. Karfis, same, $2,111,956.08
> James Sukkar, attorney for Plaintiff Young, $476,905.63

*Defendants' Brief, Docket #455* at 20.  Defendants argue "[a]lternatively," "at a minimum," they are entitled to the following amounts from the same attorneys:

> Streby, $890,102.96
> Baroni, $854,734.21
> Sutton and Karfis, $764,967.33
> Goebel, $857,159.21
> Sukkar, $94,204.38

*Id., Defendants' Exhibit A* at ¶¶20-21(A-G).  Defendants rely on *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997), for the proposition that all of their expenses and fees should be reimbursed by Plaintiffs' attorneys.  *Defendants' Brief* at 4-5.  Also citing *Moore v. LaFayette Life Ins. Co.,* 458 F. 3d 416, 447 (6th Cir. 2006), they contend that Plaintiffs' attorneys presented "'untenable claims and positions.'" *Id.* at 4.  They submit that five separate aspects of opposing attorneys' handling of the case warrant sanctions under § 1927: (1) improper pleadings, (2) unwarranted discovery requests, (3) "numerous and misguided motions," (4) pursuing claims "completely irrelevant to ERISA," and, (5) "harassing demands and delay."  *Id.* at 6-15.

As to Defendants' first contention, they have not established that opposing counsel submitted improper pleadings, *i.e.,* that the pleadings were frivolous. *Hall, supra,* 595 F.3d at 275. Defendants fault opposing counsel for filing a separate action, but ignore their own argument before Judge Gadola that the Plaintiffs did not have standing to intervene in the original case, *Docket #148* at pg. 29-32, but could instead, file another action. *Id.* at 32.

Defendants state, in effect, that their time was wasted by the need to file a motion to dismiss the second case's original complaint. *Defendants' Brief* at 7. Defendants cite Magistrate Judge Scheer's April 30, 2008 observation that Defendant's motion to dismiss the original Complaint was mooted by the filing of the Amended Complaint. Case No. 07-12368, *Docket #42,* at 4. However, Sullivan Ward Defendants cite only one snippet of the 13-page Recommendation, sidestepping Judge Scheer's rejection of (1) their contention that the case was not ripe for adjudication (2) their argument that the two cases should not be consolidated. Case No. 07-12368, *Docket #42,* at 10-12, *Docket 43*.

Defendants' mis-characterization of Judge Scheer's Recommendation undermines their further contentions that Plaintiffs submitted improper pleadings. Defendants also argue that they should be reimbursed for filing a motion to dismiss Plaintiffs' Second Amended Complaint. *Defendants' Brief* at 7. However, as acknowledged by Defendants, the District Court granted in part and denied in part the motion to dismiss. *Id.*; *Docket #312*. Under this reasoning, Plaintiffs could just as well petition for their fees in having to defend the Defendants' arguments for dismissal that were rejected by the Court. Even assuming that Defendants are correct in arguing that the dismissed claims were simply a rehash of previously dismissed claims, the District Court's order does not suggest that the claims that were dismissed were frivolous.

Second, Defendants' contention that Plaintiffs made unwarranted discovery requests and "moved for or forced five discovery extensions" is not well taken. As noted by Plaintiff Young, Sukkar, and Goebel in response to the present motion, the District Court found "good cause existed" for granting a motion to extend discovery. *Young's Response* at 4, *Docket #463* (citing *Docket #221*). The same parties also cite the District Court's finding that the Defendant trustees' objections to discovery were found to be "*prima facie* improper." *Id.* (citing *Docket #243* at 9). In response to Defendants contention that they improperly filed a frivolous motion for to extend discovery, *Defendants' Brief* at 9, Plaintiffs note that at the time of motion, they required additional depositions and until that time had only conducted seven depositions in a case that had 10 defendants. *Young's Response* at 5. Young, Sukkar, and Goebel also point out that Defendants' attempt to prevent the deposition of witnesses whose designations were changed from "expert" to "lay" was deemed "unfair" by Magistrate Judge Scheer. *Young's Response* at 5 (citing *Docket #307* at 32-33). Indeed, a review of the transcript shows that in this instance, Defendants', rather than Plaintiffs' attorneys, were attempting to exploit the discovery deadlines.

In response to Defendants' claim that subpoenas issued to third parties were "needless and harassing," *Defendants' Brief* at 10, Young, Sukkar, and Goebel point out there was "nothing unusual or abusive in using subpoenas in federal litigation" particularly litigation involving the propriety of $36,000,000 in attorney fees. *Young's Response* at 5-6. The same parties point out that although Defendants disputed Plaintiffs' need to subpoena records by Lexis/Nexis, the billing records from the legal research provider showed "significant" and "unusual" charges for months relevant to the dispute. *Young's Response* at 5, n7 (citing *Defendants' Brief* at 10-11). The same parties note that while Defendants accuse them of

engaging in unnecessary paper discovery, at no time did Defendants file a motion to quash the discovery requests. *Id.* at 6 (citing *Defendants' Brief* at 10).

Third, Defendants' argument that Plaintiffs filed "numerous and misguided motions" does not seem to allege the misfeasance required for the imposition of sanctions under § 1927. In any case, while Defendants note that Plaintiffs raised some unsuccessful arguments, that is not sufficient to show that the opposing attorneys knew or should have reasonably known that they were pursuing a frivolous claim. *Hall, supra,* at 595 F.3d at 275. To be sure, I note that on January 20, 2010, two of Plaintiffs' summary judgment motions were struck on the basis that they essentially restated already dismissed claims. *Docket #360* at 2-3. The District Court cautioned both parties to "ask the Court for guidance prior to filing facially unmeritorious motions that waste time." *Id.* at 2. However, the conclusion that Plaintiffs did not believe that they were filing "unmeritorious" motions is supported by the fact that they immediately requested (and were ultimately granted) a clarification of the same order. *Docket #364, 369.* Finally, Defendants' assertion that Plaintiffs' "prolific and unwarranted" motions eventually forced the District Court to prohibit the filing of any additional motions without leave of the Court is not supported by the Court's March 16, 2010 order or the docket entries for the weeks preceding the order showing that motions were also submitted by Trustee and Sullivan Ward Defendants. *Docket #412.*

Fourth, I disagree that Defendants' contention that Plaintiffs' reference at trial to non-ERISA claims was frivolous or vexatious. *Defendants' Brief* at 12-14. Plaintiffs cite the District Court's determination that "whether the fee award is reasonable under ERISA depends in large part on whether it complies with Michigan's rules regarding attorney fees." *Young's Response,* at 16 (citing *Docket #430* at 10). Fifth and finally, Defendants request sanctions for "harassing demands and delay," citing contentious written exchanges between

-8-

Defendants' attorneys and counsel for Plaintiffs. *Defendants' Brief* at 14-15, *Defendants' Exhibits 16-22.* While these exchanges reflect the mutual and longstanding mistrust between the opposing attorneys, they do not in any way show that Defendants are entitled to § 1927 sanctions. The fact that the Defendants were annoyed or personally insulted that the propriety of their contingent fee was challenged might require them to grow a thicker skin, but it does not establish that they are entitled to sanctions.

The argument for these sanctions is particularly weak, given that the District Court, in denying parties' motions for summary judgment less than two months before trial, found that "this case could easily go in favor of either side." *Docket #430* at 24. Defendants' reliance on *Ridder, supra,* 109 F.3d at 298, in which the sanctioned attorney's case was disposed of at the summary judgment stage, is therefore inapplicable to the present case.

Finally, Defendants argue that under § 1927, Plaintiffs' attorneys should be assessed the Bill of Costs made pursuant to 28 U.S.C. § 1920. *Docket #454.* However, to the extent that Defendants argue that the assessment is appropriate against Plaintiffs' attorneys pursuant to § 1927, they have not made their case that these attorneys should be sanctioned. Although not argued by the Sullivan Ward Defendants, an assessment of costs pursuant to 29 U.S.C. § 1132(g)(1) would also be inappropriate for the reasons discussed below. Otherwise, the issue of whether Trustee Defendants' Bill of Costs are otherwise recoverable against opposing parties, filed as a separate motion, has not been referred to me.

### 2. Attorney Fees and Costs Under 29 U.S.C. § 1132(g)(1)

For overlapping reasons, Sullivan Ward Defendants should not be granted an award of costs and fees under § 1132(g)(1). Under the first *King* factor, Defendants have not shown that Plaintiffs acted in bad faith in bringing this suit. *See King, supra,* 775 F.2d at 669 (6th Cir. 1985). "Simply making a losing legal argument is not enough to trigger the obligation to pay

-9-

fees under 29 U.S.C. § 1132(g)(1)." *Warner, supra,* 2011 WL 6796436, *4. A careful review of this case, including the District Court's judgment in favor of Defendants, shows that Plaintiffs' position was "no more devoid of merit than that of any other losing litigant." *Id.* (citing *Foltice, supra,* 98 F.3d at 938).

As to the second *King* factor, Plaintiff Young has established that reimbursing Defendants for costs and fees would create a significant hardship. He notes that "[d]uring the course of this action," he filed for bankruptcy, and lost his house and retirement savings. *Young's Response* at 19, *Young's Exhibit 19.*[2] While Plaintiff's Weglarz' ability to pay is not certain, Chakur's affidavit states that he is currently a retiree on a fixed income and would experience "extreme hardship" if required to pay fees and/or costs. *Weglarz and Chakur's Response, Docket #471, Exhibit 2,* ¶5. Under the third factor, which considers the deterrent effect of an award, Defendants argue that paying fees and costs will teach Plaintiffs not to pursue meritless claims in the hope that "defendant will give up and throw some money their way." Defendant fails to note that any monies recovered would not have personally enriched the individual Plaintiffs. Further, the "deterrent effect" factor is inapplicable where there has not been a finding misfeasance. *O'Callaghan v. SPX Corp*., 442 Fed.Appx. 180, 186, 2011 WL 4435590, *6 (6th Cir. September 26, 2011)("awarding attorney's fees would not have a deterrent effect because there was nothing in the record to indicate deliberate misconduct.")

Defendants grudgingly admit that under the fourth *King* factor Plaintiffs "sought to confer a common benefit on participants and beneficiaries," conceding that this factor is "a wash." *Defendants' Brief* at 18. Under the fifth and last *King* factor, the relative merits of the parties' positions would favor Defendants as prevailing parties. However, given that the

---

[2] With $36,000,000 in their collective pocket, it is unlikely that the Sullivan Ward attorneys will have these problems.

case survived multiple motions for dismissal and/or summary judgment, this factor does not *strongly* favor the prevailing parties. *See O'Callaghan, supra,* ("In disposing of the fifth factor, the district court found that "[b]oth parties proffered positions that had merit. Although [the non-prevailing party's] position was not sufficiently persuasive on the merits of this case, it certainly was not frivolous"). Applicably here, at no point in the litigation did the District Court state that Plaintiffs' claims were frivolous. The request for an award of attorney fees and costs under ERISA, well within the Court's discretion, should be denied.

### B. Trustee-Defendants' Motion for Fees and Costs  [Docket #456]

#### 1. Sanctions Under 28 U.S.C. § 1927

Trustee Defendants' original motion requested an award of fees and costs from Plaintiffs' attorneys under § 1927 on the basis of "'reckless and vexatious litigation tactics.'" *Trustee-Defendants' Brief* at 19, *Docket #456* (citing *Ridder, supra,* 109 F.3d at 298). However, in their reply brief, these Defendants state that they are now "pursuing their Motion against the Plaintiffs only, *not* against their attorneys." *Trustee-Defendants' Reply* at 1 (boldface in original, italics added). *Docket #497*. Because sanctions under § 1927 are imposed on attorneys, not parties to the action, *see Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012), Trustee Defendants' abandonment of the claims against the opposing attorneys forecloses recovery under this statute.

Moreover, as discussed in Section **A.1.,** above, Plaintiffs' attorneys did not behave unreasonably or vexatiously. Thus, sanctions pursuant to § 1927 are inappropriate on that basis as well.

#### 2. Attorney Fees and Costs Under 29 U.S.C. 1132(g)(1)

Trustee-Defendants argue that they are entitled to attorney fees of $1,204,252.70, nontaxable costs of $82,151.95, and taxable costs of $27,938.70. *Trustee-Defendants' Brief*

at 20. Consistent with my analysis in Section **A.2.,** Trustee-Defendants are not entitled to fees or costs pursuant to § 1132(g)(1). Defendants' argument that Plaintiff Young filed suit "for political purposes" is purely speculative. *Id.* at 11. Defendants assert that Plaintiffs Weglarz and Chakur's involvement was "particularly questionable" and that "[b]oth blindly came along for the ride." *Id.* at 12. While Trustee Defendants criticize Chakur's statement that he joined the lawsuit because he believed Sullivan Ward's attorney fees of approximately $36,000,000 were excessive, Chakur's conviction that the contingency fee was inappropriate for the services rendered was not unreasonable, nor does it demonstrate that he was proceeding in bad faith. *Id.* As such, under the first *King* factor, Defendants cannot show that Plaintiffs acted in bad faith in bringing this suit.

As to the second *King* factor, Plaintiff Young, now receiving Social Security Disability, notes that "[d]uring the course of this action," he filed for bankruptcy, and lost his house and retirement savings. *Young's Response* at 19, *Young's Exhibit 19.* While the Court cannot ascertain Weglarz' ability to pay, Chakur's affidavit states that he is currently a retiree on a fixed income and would experience "extreme hardship" if required to pay fees or costs. *Weglarz and Chakur's Response, Docket #471, Exhibit 2,* ¶5.. As discussed above as to the third factor, the "deterrent effect" of the requiring Plaintiffs to pay attorney fees or significance cost is inapplicable in the absence of misconduct. *O'Callaghan*, *supra,* 2011 WL 4435590, at *6. Trustee-Defendants argument that under the fourth factor, Plaintiffs had entertained motives other than a desire to see that the Fund was not overcharged is speculative. Again, under the fifth factor, the relative merits of the case do not *strongly* favor the prevailing party. Because none of these five factors supports an award of fees or costs by either Young or Chakur, and the first, third, fourth, and fifth factors do not favor the

imposition of fees and costs by Weglarz, Trustee-Defendants' motion for ERISA fees and costs should be denied.

### 3. Trustee-Defendants Motion for Costs under Fed. R. Civ. P. 54(d)(1)

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statue, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." However, as to whether § 1132(g)(1) or Rule 54(d)(1) "supplies the correct standard" for assessing costs, "the answer is hazier." *Hakim v. Accenture U.S. Pension Plan,* — F.Supp.2d —, 2012 WL 4738980, *1  (N.D.Ill.2012)(finding that § 1132(g)(1) governs both fees and costs in an ERISA claim).  *Hakim* notes that while the Ninth Circuit has found that § 1132(g)(1) does not change the Federal Rule's presumption in favor of awarding costs, *Quan v. Computer Sciences Corp.,* 623 F.3d 870, 888–89 (9th Cir.2010), a number of district courts have reached the opposite conclusion. *Id.* (citing *Brieger v. Tellabs, Inc.,* 652 F.Supp.2d 925, 926 (N.D.Ill.2009)("'concluding that ERISA § 1132(g)(1) governs the award of costs and applying Rule 54 would be contrary to the plain language of both Section 1132(g)(1) and Rule 54(d)(1)'"); *Keach v. U.S. Trust Co.,* 338 F.Supp.2d 931, 934 (C.D.Ill.2004) ("'awards of costs are governed by the discretionary language of 29 U.S.C. § 1132(g)(1), rather than the presumptive standard of Rule 54(d)'")).

As discussed above, the *King* factors do not support an award of either attorney fees or costs under § 1132(d)(1).  However, assuming that Rule 54(d)(1) applies, under this Rule, "[l]osing parties may, however, show 'circumstances sufficient to overcome the presumption favoring an award of costs.'"*Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund,* 760 F.Supp. 665, 670 (W.D.Mich.1991)(*citing Goostree v. State of Tenn.,* 796 F.2d 854, 863–64 (6th Cir.1986)). "The Court may deny costs to the prevailing party if 'it would be inequitable under all the circumstances in the case to put the burden of costs upon

the losing party.'" *Id.* (citing *Lichter Foundation, Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir.1959)). Here, making the three individual Plaintiffs bear the brunt of Trustee-Defendants' costs would be inequitable, since Plaintiffs' motivation in filing suit appears to have been to protect the Fund beneficiaries.

### C. An Evidentiary Hearing is Not Required

In response to requests for an evidentiary hearing by respondents to these motions, the Sullivan Ward Defendants, noting that they provided "a detailed and factually and legally supported motion and brief for attorneys' fees, expenses, and costs" under §1927 and § 1132(g)(1), argue that an evidentiary hearing is not required.[3]  *Sullivan Ward Defendants' Reply* at 2. Sullivan Ward Defendants also argue that "an evidentiary hearing would result in further waste of the parties' time and expense and of judicial resources." *Id.* at 2.

I agree that the arguments for and against the imposition of sanctions, costs, and attorney fees have been exhaustively briefed and therefore, an evidentiary hearing is not required. Sullivan Ward Defendants are also correct that the facts of this case do not warrant the additional expenditure of significant time and expenses. For the same reasons, particularly in light of the extensive briefing and the substantial interest in providing resolution of these outstanding matters, a shortened objection period is warranted. *See Davis v. Social Service Coordinators, Inc.,* 2012 WL 5361746, *29  (E.D.Cal. 2012) (7 days to file objections to Report and Recommendation); *see also Grayson v. Cathcart* WL 4723271, *5 (E.D.N.Y.,2009)(citing *Hispanic Counseling Ctr., Inc. v. Incorporated Village of Hempstead,*

---

[3] Sutton, Karfis and Bartoni's response to Sullivan Ward Defendants' motion, entitled *Response . . . and Cross Motion* for sanctions, provides a cogent response to the motion, but does not contain an argument in support of sanctions against Sullivan Ward Defendants. *Docket #470.*

237 F.Supp.2d 284, 289–290 (E.D.N.Y.2002)); *United States v. Biggs*, 2011 WL 2181953, *10 (S.D. Fla. 2011).

### IV.  CONCLUSION

For these reasons,  I recommend that these  motions [Case no. 04-40243 **Docket #455**, Case no. 07-12368 **Docket #310**] and [Case no. 04-40243 **Docket #456**, Case no. 07-12368 **Docket #311**] be DENIED.

Any objections to this Report and Recommendation must be filed within seven (7) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within seven (7) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 8, 2013

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 8, 2013.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager