UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: IRONWORKERS LOCAL 25
PENSION FUND,

Case No. 04-cv-40243 consolidated with
Case No. 07-12368

HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION** (docket no. 500);
**DENYING MOTIONS FOR ATTORNEYS FEES** (docket nos. 455 and 456);
**AND STRIKING BILL OF COSTS** (docket no. 454)

On August 30, 2011, following a ten-day bench trial, the Court entered judgment in favor of the Trustees and Sullivan Ward in the above-captioned matter, and against plaintiffs George Henry Young, Harvey Weglarz, and William Chakur. *See* Judgment, ECF No. 448.[1] Subsequently, the Trustee defendants[2] ("Trustees") and the Sullivan Ward defendants[3] ("Sullivan Ward") each filed motions for attorney fees, which this Court referred to a magistrate judge. *See* Trustees Mot. for Attorney Fees and Costs, ECF No. 456; Sullivan Ward Mot. for Attorney Fees, ECF No. 455; Order Referring Mots., ECF No. 498. In the motions, the Trustees and Sullivan Ward each sought attorney fees pursuant to 28 U.S.C. § 1927 and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1). The Trustees alone also sought taxable costs pursuant to Civil Rule 54(d) and

---

[1] This order addresses identical motions filed in two consolidated cases. The citations in the body of the order will be to the docket in case number 04-40243, but the order will resolve the pending motions in both cases.

[2] The Trustee defendants are D. James Walker, Jr., Patrick Gleason, James Edwards, Art Ellul, James Walker, Steven Gulick, James Hamric, and J. Michael Rogers.

[3] The Sullivan Ward defendants are Anthony Asher, Michael J. Asher, and Sullivan, Ward, Asher and Patton, PC.

28 U.S.C. § 1920.[4] In a Report and Recommendation ("Report") issued March 8, 2013, the magistrate recommends denying both motions. *See* Report, ECF No. 500.

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report, filed within fourteen days of service, are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The magistrate judge in this instance allowed for a shortened period for filing objections. *See* Report 14 (providing a seven-day period for objections and a response, "in light of the extensive briefing and the substantial interest in providing resolution of these outstanding matters"). The Court agrees that a seven-day period was sufficient in this case.  The motions have been pending for more than a year and the Court is well familiar with the underlying facts and issues. Sullivan Ward did not file any objections, but the Trustees filed timely objections and the Plaintiffs responded. The matter is before the Court for review.

## DISCUSSION

I.   <u>Attorney fees</u>

Because neither party objects to the magistrate judge's recommendation that the Court deny the motions with respect to attorney fees, and because the Court has reviewed the motions and the Report and agrees with the magistrate judge's findings, the Court will adopt that portion of the Report in full. Doing so disposes of Sullivan Ward's motion in its entirety.

---

[4] The Trustees initially sought costs from counsel for Plaintiffs, as well as from all three Plaintiffs. Since Plaintiffs' counsel withdrew from representation and plaintiff William Chakur passed away, they have amended their request, and now seek costs only from Plaintiffs Young and Weglarz.

2

II. Costs

The Trustees object to the magistrate judge's recommendation that the Court deny their request for taxable costs under Civil Rule 54(d) in the sum of $27,938.70. Specifically, they object (1) that the magistrate judge did not have authority to decide the issue; and (2) that he incorrectly determined that the costs should be denied. For the following reasons, the Court will overrule the objections.

A. The magistrate judge had authority to decide the motion

The Trustees argue that the magistrate judge did not have authority to decide the motion for costs. Their argument derives from a statement by the magistrate judge at the hearing and in the Report that this Court did not refer the Trustees' motion for costs to him for a decision. *See* Objections at 4. As the magistrate judge apparently later concluded, this statement is inaccurate. The Trustees request costs under Civil Rule 54(d) in their motion for fees and costs. The order of referral states the docket numbers of both Sullivan Ward's motion and the Trustees' motion, and it does not except from referral any portion of the motions. Moreover, the order refers to the Trustees' motion as a "motion for costs." *See* Order of Referral. ECF No. 498. As Plaintiffs point out in their response to the Trustees' objections, it is likely that the magistrate judge intended to state that the bill of costs filed by *Sullivan Ward* had not been referred to him. *See* Bill of Costs, ECF No. 454. That document is separately filed on the docket, and, indeed, was not referred to the magistrate judge for review. This view of the magistrate judge's statements is corroborated by the fact that in the Report, the magistrate judge made the statement in the portion of the Report addressing Sullivan Ward's motion. *See* Report 9. In any event, in light of the unambiguous language of the order of referral, the Court will overrule this objection.

3

B. <u>The magistrate judge's decision was correct on the merits</u>

The magistrate judge noted that it is unclear whether in an ERISA action, the prevailing party's costs should be awarded under Civil Rule 54(d) or ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1). If § 1132(g)(1) governs, then the determination that the Trustees are not entitled to costs under that provision would decide the issue under Civil Rule 54(d). *See* Fed. R. Civ. P. 54(d) (providing that the prevailing party is entitled to its costs "*unless a federal statute*, these rules, or a court order provides otherwise"). The magistrate judge did not resolve the question, but instead held that the Trustees are not entitled to their costs under § 1132(g)(1) for the same reasons the magistrate judge had just determined they are not entitled to attorney fees under that provision. *See* Report 13 ("As discussed above, the *King* factors do not support an award of either attorney fees or costs under 1132(d)(1)."). And, with respect to Civil Rule 54(d), the magistrate judge held that the Trustees are also not entitled to their costs under that provision because an award of costs under these circumstances would be inequitable. *See id.* (citing, inter alia, *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959) (holding that the Civil Rule permits denial of costs to the prevailing party where "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party")).

In their objections, the Trustees argue that (1) Civil Rule 54(d) applies to their request for costs; (2) they are entitled to costs under that rule; and (3) even if § 1132(g)(1) governs, they are entitled to costs under that provision. Having reviewed the objections and the Report, the Court agrees with the magistrate judge's conclusion that, whether Civil Rule 54(d) or § 1132(g)(1) applies, the Trustees are not entitled to their costs under either provision.

1. § 1132(g)(1)

Section 1132(g)(1) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of the action to either party." 29 U.S.C. § 1132. In determining whether to award fees and costs under this section, the court considers five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Secretary of Dept. of Labor v. King*, 775 F.2d 666, 669-70 (6th Cir. 1985). No factor is dispositive. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996) (quoting with approval the district court's statement that "[t]hese considerations represent a flexible approach; none of them is necessarily dispositive").

The magistrate judge, addressing the five *King* factors, determined that the Trustee defendants are not entitled to costs because, as to the first, there was no evidence that Plaintiffs acted in bad faith in bringing the lawsuit. *See* Report 9. The magistrate judge rejected as "speculative" the Trustees' contention that Young filed suit for political purposes. *Id.* at 12. As to the second factor, the magistrate judge observed that plaintiff Young, in particular, had demonstrated that payment of the fees and costs would cause him significant hardship. *Id.* at 10, 12 (noting that since inception of the action, Young has filed for bankruptcy, lost his house and retirement savings, and is now receiving social security). With respect to the third factor, the magistrate judge noted that deterrence is inapplicable when no misconduct has occurred; having found no culpable or bad-faith conduct under the first factor, there is nothing to deter here. *See* Report 10 (citing *O'Callaghan v. SPX Corp.*, 442 F. App'x 180, 186, 2011 WL 4435590, *6 (6th Cir. Sept. 26, 2011)). The fourth *King* factor, the magistrate concluded, weighs in Plaintiffs' favor because

5

they did not stand to benefit financially from the litigation, and instead brought the action on behalf of participants and beneficiaries of the fund to protect the fund from excessive fees. *Id.* at 11, 12. The magistrate judge rejected as "speculative" the Trustees' arguments that Plaintiffs had some other motive for bringing suit. *Id.* at 12. Finally, the magistrate concluded that the Trustees' position as the prevailing party suggests that the fifth factor — the relative merits of the parties' positions — weighs in their favor. But, noting that "the case survived multiple motions for dismissal and/or summary judgment," he concluded "this factor does not *strongly* favor" the Trustees. *Id.* at 10-11 (emphasis in original).

The Trustees make no specific objections to the magistrate judge's findings or reasoning addressing costs under § 1132(g)(1). Instead, the objections restate, in many places verbatim, the arguments from the Trustees' initial motion. *Compare, e.g.*, Objections 10-12 *with* Mot. for Attorney Fees 9-12. This deficiency alone can be grounds to overrule an objection. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

The Trustees *do* interject two arguments not raised before the magistrate judge. First, with respect to the first *King* factor, the Trustees argue that Young demonstrated culpability or bad faith by proceeding with the case despite possible problems with his memory stemming from a 1994 accident. *See* Objections 11. They appear to be suggesting that Young relied on poor memory at trial to disguise the fact that he knew or should have known that the suit lacked merit. *Id.* (suggesting that "gaps and missteps in [Young's] allegations and testimony" were disingenuous). The Court rejects the argument. As the magistrate judge found, the suit was not frivolous and Young did not stand to benefit personally. *See* Report 10. The Trustees' arguments that Plaintiffs acted in bad faith rest

6

on nothing more than speculation and inference. Absent other evidence suggesting bad-faith or culpable conduct, any fluctuations in Young's memory are insufficient to suggest such conduct.

Second, with respect to deterrence, the Trustees ask the Court to "keep in mind that the Trustees . . . are struggling to ensure that the fund remains solvent," and apparently, to find that pursuit of litigation against the fund should, therefore, be deterred. But as the Trustees acknowledge, nonfrivolous lawsuits against a fund should not be deterred. *See* Objections 13-14 (citing *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 532 (6th Cir. 2008) (agreeing with the defendant that "the deterrent effect is related to the degree of culpability or bad faith found under the first factor.")). As the magistrate judge concluded, having found that the suit was nonfrivolous and that Plaintiffs did not act in bad faith, deterrence is not applicable here.

In sum, the Court has reviewed the briefs and the Report, and is quite familiar with the record. After de novo review, the Court finds that the magistrate judge responded properly to the Trustees' arguments regarding fees and costs under § 1132(g)(1). The Trustees' mere restatement of those arguments did not identify any deficiency in the magistrate judge's reasoning or resolution of the matter, and the additional points raised by the Trustees in their objections also do not support a different outcome. Accordingly, the Court adopts the magistrate judge's determination that the Trustees are not entitled to fees or costs under § 1132(g)(1).

### 2. Civil Rule 54(d)(1)

Civil Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the

prevailing party." Fed. R. Civ. P. 54. The magistrate judge denied the Trustees' request for costs as follows:

> [A]ssuming that Rule 54(d)(1) applies, under this Rule, "[l]osing parties may, however, show 'circumstances sufficient to overcome the presumption favoring an award of costs.'" Allstate Ins. Co. v. Michigan Carpenters' Council Heathy & Welfare Fund, 760 F. Supp 665, 670 (W.D. Mich. 1991) (citing Goostree v. State of Tenn., 796 F.2d 854, 863-64 (6th Cir. 1986)). "The Court may deny costs to the prevailing party if 'it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party.'" Id. (citing Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)). Here, making the three individual Plaintiffs bear the burden of Trustee-Defendants' costs would be inequitable, since Plaintiffs' motivation in filing suit appears to have been to protect the Fund beneficiaries.

Report 13-14.

The Trustees do not respond directly to the magistrate judge's determination. They state only that they are "prima facie entitled" to costs, as the prevailing party, and that the costs they seek are reasonable. *See* Objections 8 (citing *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 146 (S.D. Ohio 1997)).

The Court will overrule the objection for the following reasons. "A district court has the discretion to refuse to award costs to the prevailing party when 'it would be inequitable under all the circumstances in the case' to do so." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986) (emphasis omitted)). A district court does not abuse its discretion to deny the shifting of costs when, for example, "the prevailing party's expenditures are unreasonably large, when the prevailing party prolonged the litigation or injected unmeritorious issues, in cases that are close and difficult, and where 'the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant.' *Id.* (citations omitted). Another significant "factor weighing in favor of denying costs is the indigenc[e] of the losing party." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2000).

8

Factors that are relevant, but are not alone sufficient bases for denying costs, include "the good faith a losing party demonstrates in filing, prosecuting or defending an action [and] the propriety with which the losing party conducts the litigation." *White & White*, 786 F.2d at 730. It is inappropriate for a district court to refuse to shift costs based on, e.g., the size of a successful litigant's recovery, or the ability of the prevailing party to pay his or her costs. *Id.*

The Court agrees with the magistrate judge's determination that an award of costs would be inequitable here. First, as discussed above, the Plaintiffs acted in good faith in bringing their lawsuit. Not only was the action not frivolous, Plaintiffs did not stand to benefit personally from the litigation, but brought it for the benefit of the participants and beneficiaries of the plan. Second, the closeness and difficulty of the case militates in favor of declining to shift fees. "The closeness of a case is not judged by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732-33 (quoted in *Goostree v. Tennessee*, 796 F.2d 854, 864 (6th Cir.1986), *cert. denied* 480 U.S. 918, (1987)). In *White & White*, for example, the Sixth Circuit held that the district court acted properly in considering the length and difficulty of an anti-trust case "when the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion." *White & White*, 786 F.2d at 732. This matter perhaps did not present legal issues as complex as those raised in *White & White*, but it was nonetheless lengthy, time-consuming and complex in its own right. The 2007 action involves three plaintiffs, ten defendants, and three "interested parties." The litigation of the cases, post-consolidation, spanned almost five years, and involved numerous pretrial motions and discovery disputes.

9

As an indication of the volume of evidence that the Court and the parties were required to sift through and organize, the parties' joint final pretrial order was 123 pages, listed dozens of witnesses, and almost 200 exhibits. The bench trial lasted 11 days over a three-week period, and resulted in a transcript in excess of 2000 pages. The Court's Memorandum Order deciding the case was 49 pages. Less than two months prior to trial, the Court noted that "this case could easily go in favor either side." *See* Opinion & Order 24, ECF No. 430. For these reasons, the Court finds that the closeness and difficulty of the case weighs in favor of requiring the parties to bear their own costs. *See, e.g.*, *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 76 (S.D. Ohio 2000) (finding case "close and difficult" where it "involved complex legal and factual issues requiring protracted litigation over a five-year period," and noting the "voluminous factual evidence" presented at trial); *Rosser v. Pipefitters Union Local* 392, 885 F. Supp. 1068, 1072 (S.D. Ohio 1995) (finding case "close and difficult" where "trial transcript exceed[ed] 3000 pages; there were 45 witnesses; thousands of pages of exhibits; and approximately 45 depositions which cost over $21,000.00").

Young's indigence also weighs in favor of declining to award costs. As stated above, since commencing the litigation, Young's financial condition has significantly deteriorated, to the point where he has filed for bankruptcy. Under these circumstances, especially in light of the fact that Young filed suit without any prospect of personal gain, this consideration supports declining to award the defendants' costs.

Finally, the Court also finds that it is appropriate for the Trustees to bear their own costs because awarding costs in these circumstances could have a chilling effect on private actions brought under ERISA. *See, e.g.*, *Barber v. Overton*, 1:03-CV-329, 2005 WL 2018134 (W.D. Mich. Aug. 20, 2005) (declining to award costs, in part out concern that "an

award of costs could have a chilling effect upon other civil rights litigants."); *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 75 (S.D. Ohio 2000) (denying costs in a False Claims Act action where "the award of costs would have a chilling effect upon similar plaintiffs"). The Sixth Circuit has noted that "'the crucible of congressional concern' in which ERISA was enacted 'was misuse and mismanagement of plan assets by plan administrators.' " *Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 679 (6th Cir. 2008) (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 n.8 (1985)). Given that Plaintiffs' suit, although ultimately unsuccessful, rested on that very concern, the chilling-effects worry is particularly palpable here.

For these reasons, and given all the circumstances in the case, the Court finds that an award of costs under Civil Rule 54(d)(1) would be inequitable.

III.     <u>Sullivan Ward's Bill of Costs</u>

As a final matter, the Court notes that Sullivan Ward filed its Bill of Costs on the docket on the same day that it filed its motion for attorney fees and costs. Unlike the Trustees, it did not seek costs under Civil Rule 54 in its motion; rather, it sought them only under § 1927 and under § 1132(g)(1). In its Report, the magistrate judge recommends the Court decline to award costs to Sullivan Ward under both of those provisions. Sullivan Ward did not object to that finding, and the Court adopts it here.

This leaves Sullivan Wards' bill of costs, however, as yet unaddressed. Seven days after the clerk assesses costs, Plaintiffs may file an objection to the clerk's action, bring the matter before this Court for review. *See* Fed. R. Civ. P. 54. The Court notes here that Plaintiffs' objection is likely to be successful because the Court's disposition of the Trustees' request for costs applies in full to Sullivan Ward's taxable costs. Specifically, the Plaintiffs' good faith, the case's complexity, Young's indigence, and the concern regarding the chilling

11

effects of an award apply with equal force to both requests for costs. Moreover, to the extent that the dollar amount of costs taxed is a relevant consideration, the Court notes that Sullivan Ward's request for costs is substantially larger than the Trustees'. *See* Bill of Costs (seeking payment of costs in the sum of $97,287.71). Accordingly, Plaintiffs have already effectively met their burden to rebut the presumption that Sullivan Ward is entitled to its costs.

Sullivan Ward may, however, believe that its request for costs can be distinguished from the Trustees' for some reason not apparent to the Court at this time. If so, the Court will give a full and fair review to any briefs filed on the issue. To prevent unnecessary briefing, however, the Court will at this time direct Sullivan Ward to file within seven days a one-sentence statement affirming its desire to seek payment of its bill of costs. At that time, the Court will refer the bill of costs to the clerk for review, and Plaintiffs may file objections as provided under Civil Rule 54. If Sullivan Ward does not file an affirmation of its desire to seek its costs within seven days, the Court will deem its request for costs waived.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 500 in case no. 04-40243, and docket no. 355 in case no. 07-12368) is **ADOPTED** as set forth above.

**IT IS FURTHER ORDERED** that the Sullivan Ward defendants' motion for attorney fees (docket no. 455 in case no. 04-40243 and docket no. 310 in case no. 07-12368) is **DENIED**.

**IT IS FURTHER ORDERED** that the Trustee defendants' motion for attorney fees and costs (docket no. 456 in case no. 04-40243 and docket no. 311 in case no. 07-12368) is **DENIED**.

**IT IS FURTHER ORDERED** that the Sullivan Ward defendants' shall file within seven days a one-sentence statement affirming its desire to seek payment of its bill of costs (docket no. 454 in case no. 04-40243 and docket no. 309 in case no. 07-12368). If Sullivan Ward declines to do so, the Court will deem the request for costs **WAIVED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager